IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:20-CR-34-JDK |
| EDUARDO PEREZ-CARRILLO (1) | § § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 3, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Knowing Possession of Child Pornography in Interstate and Foreign Commerce by Computer, a Class C felony, Defendant Eduardo Perez-Carrillo was sentenced on August 20, 2008 by United States District Judge Jimm Larry Hendren. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months. Due to the statutory maximum, Defendant was sentenced to 120 months of imprisonment to be followed by a lifetime term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include submission to any means utilized by the U.S. Probation Office to track whereabouts or location at any time, no unsupervised contact with minors, mental health aftercare with an emphasis on sex offender treatment, sex offender search, a $15,000.00 fine, and a $100 special assessment.

1

Defendant completed his term of imprisonment and started his term of supervised release on May 16, 2016.  The Court modified Defendant's conditions of supervised release on August 19, 2016 to include sex offender aftercare, portable electronics restriction, and a prohibition from viewing sexually explicit conduct.  Jurisdiction was transferred to this district on September 8, 2020 and the matter was assigned to United States District Judge Jeremy D. Kernodle.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 31, 2021, United States Probation Officer Alan Elmore alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 1): The defendant shall not leave the judicial district without permission.**  It is alleged that Defendant contacted the probation officer on March 31, 2021 and stated he left the United States on March 27, 2021 and traveled to Mexico because his son was in the hospital.  Defendant did not request or have permission to travel to Mexico.

2. **Allegation 2 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.**  It is alleged that Defendant failed to attend his scheduled sex offender treatment group session on March 31, 2021.  Defendant called the treatment provider after group and reported he missed because he had a doctor's appointment.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the

maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

### *Hearing*

On November 3, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 7 months of imprisonment followed by 20 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation for designation at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 7 months of imprisonment followed by 20 years of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 7 months of imprisonment followed by 20 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 7 months of imprisonment followed by 20 years of supervised release.

So ORDERED and SIGNED this 3rd day of November, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE